Good morning. May it please the Court, my name is Davis Lessinger. I represent the appellant Jeanne Mondogo Manunga. In this Court's Certificate of Appealability, which a two-judge motions panel of which Judge Pregerson was a member, in that Certificate of Appealability it certified three issues for appeal, only one of which apparently is appreciably controverted by the State of California. And that jurisdictional issue is whether Ms. Manunga was in custody at the time she filed her most recent federal habeas petition under 28 U.S.C. 2254 in February of 2014. Now, in a motion for requesting judicial notice, which this Court granted, we submitted a document illustrating that Ms. Manunga, as of September 2012, was in a probationary status. On that day, the Superior Court judge sentenced her to a three-year term of probation, which expired on September 24th of 2015. But on the date that she filed her most recent federal habeas petition, that probationary term was still in effect. Right, but was she on probation on the conviction that she's challenging or on something else? She was not specifically on probation for the conviction that she was challenging, Your Honor, but in the case, it did allege that she had a prior conviction. And that prior conviction, her 2010 conviction, is one of the convictions that she is challenging in her federal habeas petition. But she has to be in custody on the conviction she's challenging, right? Not specifically, Your Honor. Under this Court's opinion, under the holdings in this Court's opinion in Dubrin v. People of the State of California and the Supreme Court's plurality opinion in Lackawanna County District Attorney, the cost which the Dubrin unanimous majority and the three-judge majority in Dubrin adopted, she can be challenging a prior conviction if that conviction can be deemed to be having an effect on the conviction for which she is in custody. That's a different question, though, isn't it? From the question of whether she's in custody on the offense you're challenging. That's correct, Your Honor. It's a related but different question. She was in custody for the 2012 conviction. She was on She was challenging a charge prior, which may have had an effect on the sentence that the Superior Court judge imposed on September 24th of 2012. And so, consequently, and we acknowledge that the motion, that the exhibit we submitted along with the motion requesting judicial notice is not the most crystalline of documents, but if she was sentenced to 180 days in county jail, she did receive the three-year probationary term. So it's entirely possible that the Superior Court judge did take her prior into account, and she did have a felony prior from 2010 and part 3B of that plurality. I have to disagree with you. I think that it stands for the proposition that you have to be in custody under the conviction or sentence that's under attack. And you basically sort of, you tacitly concede that her probation status in September of 2015 was solely for the result of her 2012 conviction. But you argue that theoretically, possibly, a judge could sentence her to a lengthier term if she were to violate probationary terms by using the 2010 conviction to enhance the prospective custodial sentence, right? Am I capturing your argument? Not precisely, Your Honor. My argument is that the prior charge in connection with the 2012 conviction may have had an effect on the sentence that she ultimately received in 2012, and... But she's not in custody for the 2010. I think Dubrin and Lackawanna stand for the proposition, and in other cases like the Supreme Court's opinion in Spencer in 1998, they don't stand for the proposition that you have to be in custody for a precise offense. You simply have to be in custody pursuant to state judgment. That's the case here. And then under Lackawanna and Dubrin, you then look as to whether the earlier conviction had an effect on the sentence that she has most recently received. And that very well may have been the case. We admit that, acknowledge that the record is not entirely clear on that point. It's not entirely clear as to on what basis the Superior Court judge sentenced her in 2012, what reasons and what factors he or she took into account. And so, we have requested a reversal of the district court's order, but we acknowledge that it may be appropriate for this court to remain for additional findings as to what precisely happened in 2012. Why isn't her petition untimely? Stepping back before I directly address your question, Your Honor. Well, but I'm asking the question now, not for you to step back. If, let's say, she is in custody, that we accept your argument, why isn't her petition untimely? She filed a series of post-conviction motions, Your Honor, starting in late 20... Is it untimely or not? We don't know, Your Honor, because we don't have sufficient records to know precisely how many post-conviction motions she filed starting in late 2011, and then going into... She filed probably more than 10 post-conviction motions, the last of which occurred in January 2013. So those post-conviction motions very likely occurred in January 2013, and that's why we're asking you to file her 2254 petition. Well, okay. But she's got a one-year statute of limitations from the latest of the date on which the state court judgment became final. And so, a judgment becomes final when, at the conclusion of direct review, when the Supreme Court affirms a conviction on the merits or denies a petition for cert. And so, if it's the state court, a petitioner has 90 days to seek review to the Supreme Court. And in this case, I think, her federal habeas petition was filed on November 3rd, 2012. So, again, under 2244D, that may have atolled her habeas petition regarding that claim. Well, is there any evidence in the record that she was on parole when she filed her habeas petition, and therefore in custody under that theory? We acknowledge, Your Honor, it's not clear as to whether she was actually on parole at the time she filed her first federal habeas petition. It's unclear, or there's no evidence? It's unclear, Your Honor. Again, if given the opportunity, we would try to develop the record further to make it clear as to whether she was in custody at that time. You know, I should note that the... Well, via the parole route you're talking about. Yeah, via either the 2010 or the 2011 convictions. Well, what evidence is there, just give me an... What evidence is there that she was on parole when she filed her habeas petition? I mean, that's a pretty easy question to answer. I don't have any specific evidence, Your Honor, regarding the 2010 and 2011 convictions. Our theory is based on the 2012 conviction as interpreting Lackawanna. Well, I would just think if she was on parole in the 2010, that would help you, right? Well, it certainly would, Your Honor. So I'm kind of assuming that there is no evidence on that. I can't make that specific concession at this point, Your Honor. I know I see my time is rapidly diminishing, so I would like to reserve a minute for rebuttal. What's her immigration status? She is a lawful permanent resident of the United States, Your Honor. She received a derivative asylum through her mother. She has twice been ordered removed from the United States, and the BIA has twice vacated those removal orders. So she is presently facing an amended notice to appear. There is no hearing that is presently scheduled for her hours, so she is still technically a lawful permanent resident of the United States. And she would be seeking remedies in immigration court if those proceedings go forward, including withholding of removal and relief under the UN Convention Against Torture. Well, are they removing anyone to where she has to go? Because she is, what, Congolese? She is originally from the Democratic Republic of Congo, Your Honor. That's correct. Are they removing anyone there? I'm not aware as to whether ICE is removing anyone to the DRC, Your Honor. I don't have any information regarding that. What are the country conditions there now? Quite frankly, Your Honor, they are deplorable, particularly regarding women who are political opponents of the President Joseph Kabila. And I think it's well known, and there actually is some country condition evidence in the excerpts of record indicating that rape is frequently used as a weapon against women and others who oppose the regime. And her mother and she have testified in immigration court that Ms. Manunga was indeed raped by people allied with the government of Joseph Kabila, the President of the DRC. So she would be in imminent risk of being tortured or killed if she were to return because she opposes the regime. Thank you.  May it please the Court, Vincent LaPietra on behalf of the Respondent. The District Court did not err in summarily denying this petition. Each of these issues was litigated in the initial petition from which Ms. Manunga did not appeal. That petition was denied for lack of jurisdiction, untimeliness, and because it was mixed. In her subsequent filing, in her subsequent petition, Ms. Manunga did not demonstrate that any of those errors had been cured, and therefore the District Court properly summarily denied relief. As it stands, if Ms. Manunga is deemed to be challenging her 2010 conviction, then there is no jurisdiction because she's not in custody pursuant to that judgment. If she's deemed to be challenging her 2012 conviction, then the petition is untimely. All of the State Court filings that counsel mentioned discussing the challenge to the 2010 conviction would not count towards equitable tolling or statutory tolling for the 2012 conviction. For both of those reasons, the District Court properly summarily denied relief. Well, you know, what bothers me is there is some indication in the record, right, that she was on parole. There's a mention of parole in the record. There is a mention of parole in the record in the sense that the District Court, I mean the... The Superior Court recalculated her sentence, determined that she had satisfied all of the time in custody, and ordered her to report to parole. Now, typically that would be a counseling sort of situation. There's no indication that once she had served her full, I believe, 18 months, that there would be continued parole beyond that. But we don't know because there's no further record except the order by the District Court, right? That is correct, Your Honor. All right, now, in a habeas proceeding, under Rule 5, isn't it the State's obligation to furnish the court with a complete record? Yes, Your Honor. But there's nothing in here about what happened to that order going to parole. Well, there's nothing in here because the State wasn't a party to the summary denial. That issue was litigated in the initial petition, the jurisdictional aspect. No, but it's still being asserted here, you know, as a jurisdictional bar, right? That she's not in custody. So don't you have the obligation to furnish the record so we can determine whether she was or was not on parole? Well, yes, Your Honor. We have provided everything we have. There is no State court documents discussing her parole status with that parole officer. That's not a part of the record. And there's not... Listen, there has to be a record somewhere. Isn't it kind of strange for a judge to say, okay, I order you to report to parole within 72 hours and then nothing else is heard about that again? Like I said, Your Honor, Ms. Manunga had satisfied her entire sentence. It's not as though she had done 80% or less and was going to be on a condition of parole. It was typically, it's a counseling discussing resources available to parolees or people released from prison. So she had no jail time left hanging over her head? Yes, Your Honor. So if she had violated her parole, let's say she didn't report, would there be any... No, Your Honor. As I said, the Superior Court calculated that she had been in excess of the jail time imposed. And this issue was litigated in the initial petition with a report and recommendation, objections, and a district court order finding that she was not in custody. That finding was not appealed. Who was your lawyer then? I do not know, Your Honor. Not present counsel. No, Your Honor. Has anyone ever presented anything from parole that would indicate she was still on parole? No, Your Honor. I've seen nothing. And when she was resentenced in 2012, there was no indication that parole was revoked or that she was going to run her sentence concurrent to any other prior conviction. Well, are you representing that... I should have phrased this. I don't know what your regular record searches procedure is in these kinds of cases when you're ordered to respond, but under your regular procedures that if there were a parole record, it would have been produced? Is that your understanding? That is my understanding of the typical course. I was not the attorney who handled the initial petition, but I know that that issue was among those litigated. Well, in California, if someone gets arrested for a second offense, as she did here, if they're on parole, the parole agent would generally put what they call a 3056 hold on them, meaning, hey, you're on parole. This is a potential violation. Yes, Your Honor. And the record doesn't indicate any parole hold when... When you're on parole, don't they have to automatically put a hold on you if you get a new offense? Yes, Your Honor. Well, there are times when the parole agents don't follow through. The parole agent may not revoke parole. That's true, Your Honor. But if you're booked into custody, then your parole status is in the record, and someone is notified. But it may not actually result in a revocation of parole. You have that record? I do not have any record. Well, where is the record? I suppose I could contact parole and ask them for a definitive date of termination. It may be in the initial petition record. So, the government wants to send her back to the Congo, is that it? The federal government. Federal government, yes. Yes, Your Honor. I'm the state government. Do you know if the federal government waits to bring deportation proceedings until after the defendant has served her sentence? Is there any mechanism by which a defendant can challenge her underlying conviction for failure of counsel to advise her about the possible adverse immigration consequences? Well, certainly that can be done in a habeas petition within the applicable limitations period. And oftentimes, if you're sentenced to a lengthy term of confinement by the state, then the federal government will initiate deportation proceedings at that time. All I know in this case is that I contacted ICE last week. They said she has bailed out and there's no pending action. Is she here today? No, Your Honor. Is she here today? No, Your Honor. In conclusion, the district court did not err in summarily denying the petition. It was denied without prejudice. Should any of those jurisdictional issues have been cured, then the petitioner could refile a petition demonstrating that, which she did not do in her subsequent petition. Unless there are any questions. I have a question. I should know this, but I don't. You probably do. If the dismissal is affirmed, the dismissal by district court was without prejudice? Yes, Your Honor. It was based on lack of jurisdiction because of the lack of custody finding? Yes, Your Honor. The initial and the second. All right. Now, does that mean that if she files another petition, it won't be a second or successive? That is true, Your Honor. That is true? That's your understanding? It is my understanding that it is not a second or successive petition. All right. Thank you. Thank you, Your Honor. Thank you. Mr. Butler? I'd like to raise a couple of points very briefly, just getting to something I was about to mention in response to Judge Callahan's questions. The motions panel had certified a question as to whether Ms. Monunga had been given proper notice before her most recent habeas petition was dismissed summarily on timeliness grounds. So under Dave B. McDonough, regardless of whether this court in reviewing the record and reviewing 2244 determines that Ms. Monunga's petition was or was not on timeliness, she's still entitled to a remand provided that jurisdiction exists so that she can demonstrate whether she had timely filed her most recent federal habeas petition in February of 2014. The second point I'd like to raise is… Well, have you checked the Superior Court records? Have you done that? I've checked some of them, Your Honor. You can go online and get all that stuff, right? Some of them, Your Honor, although I think transcripts are more difficult to obtain. It's certainly not like federal PACER search. State court records are a little bit more difficult to obtain, even in 2015. In response to some of the points that Judge Tsushima raised regarding Rule 5 and the need to have a complete record developed, we do think it would be appropriate, if the court doesn't think that the record is fully developed, to have a limited remand to the district court so that there could be a full development of the record regarding both the parole probation issue for all the different convictions, 2010, 2011, and 2012, and to determine whether Ms. Monunga's most recent federal habeas petition in 2014 was timely filed. If there are no further questions… How long have you represented the petitioner? I've represented her since the fall of 2014, following this court's motion panel, of which you were a member, Judge Pregerson. I know. You don't need to remind me of that. Sure. Because when I'm on those motion panels, you know, like in a few days we go through 300 or 400 matters. That's correct, Your Honor. So… That order directed appointment of appellate counsel, and I've represented her ever since then, so for approximately one year. I'm glad I accomplished something. Thank you very much, Your Honor. I appreciate it. If there are no further questions, I'd be pleased to submit. All right. Okay. If you have a copy of that order, maybe make a copy. I'd like to see it again, refresh my memory. Which order are you talking about? The one when I was on the motion panel. The motion panel? I've got it right here. I've got it right here. Oh, here it is. Two. See how much on the ball we are here? Your Honor. He treats me like a walker, and I'm happy to do it. Thank you. Well written order. Thank you. If there are no further questions… Okay, fine. Matter is submitted.
judges: Pregerson, Tashima, Callahan